# Exhibit A



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 19405470**
**Date Processed: 02/24/2019**

| | |
|---|---|
| **Primary Contact:** | SOP Team nwsop@nationwide.com<br>Nationwide Mutual Insurance Company<br>Three Nationwide Plaza<br>Columbus, OH 43215 |
| **Electronic copy provided to:** | Ashley Roberts |
| **Entity:** | Scottsdale Indemnity Company<br>Entity ID Number  3286057 |
| **Entity Served:** | Scottsdale Insurance Company |
| **Title of Action:** | New Bethel Baptist Church vs. Ricardo A. David, Individually, P E Square Engineering, LLC, Scottsdale Insumace Company, Delta General Agency Corporation, and Neal Insurance Agency, Inc. |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Brazos County District Court , TX |
| **Case/Reference No:** | 100756-CV |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 02/22/2019 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Toni Jones Holley<br>N/A |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Service I.D. No. 140163

THE STATE OF TEXAS                                                    CITATION

Cause No. 100756-CV
23rd District Court

DELIVERED: 2/22/19
by: KM

TO:   Scottsdale Insurance Company                            Defendant
      By Serving its Registered Agent
      Corporation Service Company
      211 E. 7th Street, Ste 600
      Austin, TX 78701

NOTICE:

You have been sued. You may employ an attorney. If you or your Attorney do not file a written answer with the Clerk who issued this Citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this **Citation** and **Plaintiff's Original Petition** a Default Judgment may be taken against you. If filing Pro Se, said answer may be filed by mailing same to: Brazoria County District Clerk's office, 111 E. Locust, Suite 500, Angleton, TX 77515-4678 or by bringing said answer in person to the aforementioned address.

The case is presently pending before the **23rd District Court** of Brazoria County sitting in Angleton, Texas, and was filed on the **24th day of January, 2019**. It bears Cause No. **100756-CV** and Styled:

**New Bethel Baptist Church**
**vs.**
**Ricardo David, et al**

The name and address of the Attorney filing this action (or Party, if Pro se) is, **Toni S. Jones, Attorney At Law, 212 E. Magnolia, Angleton, TX 77515.**

The nature of the demands of said Plaintiff is shown by a true and correct copy of Plaintiff's Petition accompanying this Citation.

Issued under my hand and the seal of said Court, at Angleton, Texas, on the **12th day of February, 2019**.

**RHONDA BARCHAK, DISTRICT CLERK**
**Brazoria County, Texas**

By _Cathy Richard_ Deputy
    Cathy Richard

SERVICE COPY

Citation

CTH: 2/22/19 @ 12PM

Service I.D. No. 140163

THE STATE OF TEXAS                                                                                      CITATION

Return of Service

Cause No. 100756-CV 23rd District Court

NEW BETHEL BAPTIST CHURCH
VS.
RICARDO DAVID, ET AL

Scottsdale Insurance Company
By Serving its Registered Agent
Corporation Service Company
211 E. 7th Street, Ste 600
Austin, TX 78701

Came to hand on the _____ day of _____, 20___ at _____, o'clock ____.m., and executed in _____ County, Texas by delivering to each of the within named parties in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's Original Petition at the following times and places, to-wit:

NAME        DATE        TIME        PLACE, COURSE, AND DISTANCE FROM COURTHOUSE        MILEAGE

and not executed as to (NAME) _____

and the cause or failure to execute this process is for the following reason: _____

The diligence used in finding said (NAME) being: _____

FEES:
Serving Citation and Copy            $_____            _____, Officer
Mileage: _____ miles @ $_____ per mile   $_____        _____ County, Texas
Total                                $_____
                                                          Deputy/Authorized Person

COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____, and my
              (First, Middle, Last)
address is _____
              (Street, City, State, Zip Code, Country)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the ___ day of _____, 20__.

_____
Declarant/Authorized Process Server

_____
(Id No. and expiration of certification)

Citation

Filed for Record
1/24/2019 2:45 PM
Rhonda Barchak, District Clerk
Brazoria County, Texas
100756-CV
Christina Springston, Deputy

NO. 100756-CV

| | | |
|---|---|---|
| NEW BETHEL BAPTIST CHURCH | § § § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| VS. | § § | _____ JUDICIAL DISTRICT |
| RICARDO A. DAVID, Individually, P E SQUARE ENGINEERING, LLC, SCOTTSDALE INSURNACE COMPANY, DELTA GENERAL AGENCY CORPORATION, and NEAL INSURANCE AGENCY, INC., | § § § § § § § | BRAZORIA COUNTY, TEXAS |
| *Defendants,* | § | |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW** New Bethel Baptist Church, and files this Original Petition against Defendants, Ricardo A. David, PE Square Engineering, LLC, Scottsdale Insurance Company, Delta General Agency Corporation, and Alternative Insurance Services, in support of this cause of action, would respectfully show the Court the following:

### I.
### THE PARTIES

1. New Bethel Baptist Church is a Texas corporation doing business at 503 W. Live Oak, Angleton, Texas 77515

2. Ricardo A. David ("David") is an individual doing business as PE Square Engineering, LLC ("Square"). PE Square Engineering, LLC is an engineering firm doing business in Texas, and whose principal place of business is 907 South Friendswood Drive, Suite 201, Friendswood,

Texas 77546. They may be served with process by mailing to the Defendants by registered or certified mail, return receipt requested, a true coy of the citation with a copy of the petition attached, at this address.

3. Scottsdale Insurance Company ("Scottsdale") is a foreign insurance company doing business in the State of Texas which may be served in the following manner pursuant to the Service of Suit Clause attached to and forming a part of Scottsdale Insurance Company policy number CPS2501556: The Commissioner of Insurance, P.O. Box 149014, MC 112-1A, Austin, Texas 78714-9104 is authorized and directed to accept service on behalf of Scottsdale. Once service has been accepted by the Commissioner of Insurance, the officer is authorized to mail the process or true copy to Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701. The Service of Suit Clause is attached as Exhibit "A" and is incorporated herein by reference.

4. Delta General Agency Corporation ("Delta") is an insurance company doing business in Texas, and whose principal place of business is 4848 Loop Central Drive, Suite 100, Houston, Harris County, Texas 77081. They may be served with process at this address or its registered agent, William A. Fink, at Delta's principal place of business.

5. Neal Insurance Agency ("Neal") is an independent insurance agency doing business in Texas, and whose principal place of business is 101 W. Mulberry, Angleton, Texas 77515. They may be served with process by mailing to the Defendant by registered or certified mail, return receipt requested, a true coy of the citation with a copy of the petition attached, at this address.

## II.

## DISCOVERY

6. This case is intended to be governed by Discovery Level 3.

## III.
## JURISDICTION AND VENUE

7. This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court.

8. Venue is proper in Brazoria County under Tex. Civ. Prac. & Rem. §15.002(a)(1) because Defendant Neal Insurance Agency, Inc., has its principal office in Brazoria County, Texas.

## IV.
## FACTUAL BACKGROUND

9. New Bethel Baptist Church is the named inured under property insurance policy number CPS2510556 issued by Scottsdale, effective August 2, 2016 to August 2, 2017. The insured property was located at 602 W. Peach, Angleton, Texas 77515.

10. Plaintiff is a consumer for purposes of the Texas Deceptive Trade Practices Act ("TDTPA") for all other relevant purposes.

11. Upon information and belief, during 2017, Plaintiff contracted Defendants David and Square to assess and evaluate the structural condition of the roof of the church building and render a professional opinion and directions to contractors for the replacement of the roof.

12. On or about New Bethel Baptist Church retained the services of Frank and Son Remodeling Company, hereinafter referred to as "Frank", who was the contractor for the re-roofing project. Frank, David and Square had several meetings during which David and Square gave professional opinions and directions to Frank regarding removal and replacement procedures. Thereafter, renovations were underway to replace the roof, based on the professional directives and instructions of Defendants David and Square.

13. At all times during the renovations, Frank followed the removal replacement plan that was developed by David and Square. During the renovation, the roof collapsed and completely destroyed the entire building.

14. Plaintiff subsequently filed a claim on its insurance policy. Scottsdale improperly denied the claim.

15. The adjuster assigned to the claim conducted an inspection of the property and prepared a report.

16. Scottsdale has denied all claims for personal and real property.

V.

## CAUSE OF ACTION

17. Each of the foregoing paragraphs is incorporated by reference in the following:

### A. Negligence of Defendants David and Square

18. At all relevant times, Defendants David and Square retained control over the manner in which Frank's crews were to perform the reroofing, in the following respects: (a) by assessment of the structure; (b) developing the method and manner in which the roof would be removed and replaced; (c) directing the Frank crews on what materials to use to complete the re-roofing;

19. At all relevant times, Defendants David and Square had actual knowledge of the danger and condition that existed which resulted in the complete destruction of the Plaintiff's property.

### B.  Breach of Contract

20. Scottsdale had a contract of insurance with Plaintiff. Scottsdale breached terms of that contract by wrongfully denying the claim and Plaintiff was thereby damaged.

### C. Texas Insurance Code §541 and §542

21. Defendant Scottsdale's acts, omissions, failures and conduct that are described herein violate Section 541 and 542 of the Texas Insurance Code. Within the timeframe required after the receipt of either actual or written notice of Plaintiff's claims, Defendant did not attempt in good faith to affect a prompt, fair and equitable settlement. Further, actions and/or misrepresentations of Defendant constitute a violation of Section 541 of the Texas Insurance Code.

### D. TDTPA Cause of Action

22. Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

23. Plaintiff incorporates all the allegations in this petition for this cause of actions against Defendant Scottsdale, as well as against Delta and against Neal, under the provisions of the TDTPA. Plaintiff was a consumer of goods and services provided by Defendants pursuant to the TDTPA. Plaintiff has met all conditions precedent to bringing this cause of action against Defendants, including any required notice, as this suit is being brought at this time to interrupt a potential statute of limitations defense, and because Defendants have had actual notice of such claims. Defendants' violations of the TDTPA include, without limitation, the following matters:

24. By their acts, omissions, failures, and conduct that are described in this petition, Defendants have violated Sections 17.46(b)(5), (7), (9), (12), and (24) of the TDTPA.

25. As described in this petition, Defendants or their agents represent to Plaintiff that the insurance policy and Defendant Scottsdale's adjusting and investigative characteristics or benefits that id did not have, which gives Plaintiff the right to recover under Section 17.46(b)(5) of the TDTPA.

26. As described in this petition, Defendants or their agents represented to Plaintiff that the insurance policy and Defendant Scottsdale's adjusting, and investigative services were of a particular standard, quality, or grade when they were not, thereby another violation of Section 17.46(b)(7) of the TDTPA.

27. As described in this petition, Defendants or their agents advertised its insurance policy and Defendant Scottsdale's adjusting and investigative services with intent to sell them as advertised in violation of Section 17.46 (b)(9) of the TDTPA

6.

28. As described in this petition, Defendants, or their agents represented to Plaintiff that the insurance policy and Defendant Scottsdale's adjusting and investigative services conferred or involved rights, remedies, or obligations that it did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(12) of the TDTPA.

29. As described in this petition, Defendants or their agents failed to disclose information concerning goods or services which were known at the time of the transaction and such failure to disclose was intended to induce Plaintiff into a transaction into which the Plaintiff would not have entered ha the information been disclosed, which gives Plaintiff the right to recover under Section 17.46 (b)(24) of the TDTPA.

30. Defendants breached an express warranty that the damages incurred by Plaintiff would be covered under the insurance policy. This breach entitles Plaintiff to recover under Sections 17.46 (b)(12) and 17.50 (a)(2) of the TDTPA.

31. Defendants' actions, as described herein, are unconscionable in that it took advantage of Plaintiff's lack of knowledge, ability, and experience in regard to insurance to a grossly unfair degree. Defendants' unconscionable conduct gives Plaintiff the right to relief under Section 17.50 (a)(3) of TDTPA.

32. Defendants' conduct acts, omissions, and failures, as described herein, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the TDTPA.

33. All of the above-described acts, omissions, and failures of Defendants are a producing cause of Plaintiff's damages that are described in this petition. All of the above-described acts, omissions, and failures of Defendants were done knowingly and intentionally as those terms are used in the TDTPA.

7.

### E. Cause of Action for Unfair Insurance Practices

34. Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

35. Plaintiff incorporates all the allegations in this petition for this cause of action against Defendants under the Texas Insurance Code. Plaintiff has satisfied all conditions precedent to bringing this cause of action. By their acts, omissions, failures and conduct, Defendants have engaged in unfair and deceptive acts or practices in the business of insurance in violation of Section 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus Defendants' unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim and Defendant Scottsdale's failure to pay Plaintiff's damages when liability and damages had become reasonably clear. Specifically, Defendants are guilty of the following unfair insurance practices:

   a. Engaging in false, misleading and deceptive acts or practices in the business of insurance in this case;

   b. Engaging in unfair claims settlement practices;

   c. Not attempting in good faith to effectuate a prompt, fair and equitable settlement of claims submitted in which liability has become reasonably clear;

   d. Refusing to pay Plaintiff's claim without conducting a reasonable investigation with respect to the claim

   e. Failing to provide promptly to a policyholder a reasonable explanation of the basis in the Policy in relation to the facts or applicable law for the denial of the claim or for the Defendant's refusal to pay the claim.

8.

36. Defendant Scottsdale has also violated the Texas Insurance Code by breaching its duty of good faith and fair dealing. Defendant's conduct as described herein as resulted in Plaintiff's damages as set forth in this petition. All of the above-described acts, omissions, and failures of Defendants were done knowingly as that term is used in the Texas Insurance Code.

**F. Cause of Action for Breach of Duty of Good Faith and Fair Dealing**

37. Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

38. Plaintiff incorporates all the allegations in this petition for this cause of action against Defendant Scottsdale. By its acts, omissions, failures and conduct, Defendant has breached their duty of good faith and fair dealing by failing to pay the full and proper amounts on Plaintiff's entire claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for the denial of Plaintiff's claim. Defendant has also breached its duty by unreasonably delaying payment of Plaintiff's entire claim and by failing to settle Plaintiff's entire claim because Defendant Scottsdale know or should have known that it was reasonably clear that the claim was covered.

These acts, omissions, failures and conduct of Defendant Scottsdale are a proximate cause of Plaintiff's damages.

39. All conditions precedent to Plaintiff's right to recover have been fully performed or have been waived by Scottsdale.

**G.     Attorney's Fees**

9.

40. Plaintiff engaged the undersigned attorney to prosecute this lawsuit against the Defendants and agreed to pay reasonable attorney's fees and expenses through trial and any appeal.

41. Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to Tex. Civ. Prac. & Rem. Code §38.001 – 38.003 because it is represented by an attorney, presented the claim to Scottsdale, and Scottsdale did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

42. Plaintiff further prays that it be awarded all reasonable attorney's fees incurred in prosecuting their causes of action through trial and any litigation appeal pursuant to Section 541.152 of the Texas Insurance Code.

## VI.

### REQUEST FOR DISCLOSURES

43. Pursuant to Rule 194, you are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

## VII.

### JURY DEMAND

44. Plaintiff demands a jury trial and tenders the appropriate fee with this Petition.

VIII.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that, upon final hearing of the case, it recover all damages, including consequential and treble damages, from and against the Defendants that my reasonably be established by a preponderance of the evidence, and that it be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Plaintiff my show itself to be justly entitled. paid such fees and expenses.

        Respectfully submitted,
        Von H. Shelton

        "VS"

        TBN: 18211500
        212 E. Magnolia Street
        Angleton, TX 77515
        Attorney for Plaintiff
        Ph.: 979-849-2402
        Fax: 979-849-2403
        Email: vhslaw@sbcglobal.net

by: *Toni Jones Holley*
        Toni Jones Holley
        Texas Bar No. 24025464
        Email: tsj@jonesfirm.net
        212 E. Magnolia
        Angleton, TX 77515
        Tel. (979) 849-2402
        Fax. (855) 280-0497
        Attorney for Plaintiff